## CIRCUIT COURT OF ACCOMACK COUNTY

Lisa M. Williams

v.

Northampton County
School Board et al.

January 11, 2002

Case No. (Law) 00CL120

BY JUDGE GLEN A. TYLER

In this action at law, regarding the discharge of the plaintiff teacher by the defendant school board, the defendant has moved for summary judgment as to the first count alleging breach of contract in the plaintiff's amended motion for judgment.

In her amended motion for judgment, the plaintiff alleges, among other things, the following facts pertinent to the motion for summary judgment.

Plaintiff was employed as a teacher by the School Board. Her initial term of employment began January 4, 1999, and she was terminated as of July 9, 1999. A standard annual form contract had been executed by the parties, and a copy was attached to her pleading. By letter dated May 11, 1999, plaintiff was notified by the assistant superintendent of schools that he would recommend her dismissal for inappropriate behavior. She alleges that "Pursuant to her administrative appeal rights as outlined in Va. Code Ann. § 22.1-309," plaintiff arranged to inspect her own file. Amended Motion for Judgment (hereafter M.J.), para. 22. "The fact-finding panel hearing was held on June 9, 1999." M.J., para. 25. "Pursuant to the Procedure for Adjusting Grievances, the School Board is the final arbiter for an employee who has been recommended for dismissal." M.J., para. 29. "The panel concurred with the recommendation that Williams be terminated." M.J., para. 31. "On July 8, 1999, the School Board voted to terminate Williams' employment." M.J., para. 34. And finally she alleges in her breach of contract count, "The School

Board breached Williams' contract for the 1998-99 school year when it wrongly terminated Williams in an arbitrary and capricious manner, without sufficient cause and in violation of the Grievance Procedure and state law." M.J., para. 42.

In their memorandums, respectively, for and against the motion for summary judgment, counsel for the parties exhaust the subject of notice under Va. Code §§ 22.1-304 and 22.1-305.

At argument, counsel for defendant argued that the plaintiff cannot now pursue a common law count for breach of contract, having elected to follow the grievance procedure under statutory law, which frames the issue here.

Under Supreme Court Rule 3:18, a party may move for summary judgment on the pleadings after the parties are at issue, and they are at issue. There is no material fact genuinely in dispute on the issue under consideration.

The provision for notice that would be given by April 15 each year, pursuant to Va. Code Ann. § 22.1-304(A) (2001 Cum. Supp.), to an employee/teacher who does not have continuing status is not applicable to this case. It is irrelevant. In this case, the grievance procedure in Va. Code Ann. § 22.1-306, *et seq.* (2000 Repl. Vol.) was elected by the plaintiff and followed by the parties. Plaintiff's election to have a fact-finding panel appears clearly from her motion for judgment and cannot now be ignored by her. A fact-finding panel convenes only upon request of the employee, pursuant to Va. Code Ann. § 22.1-309 (2000 Repl. Vol.). If there were irregularities in the process or a failure of due process, she could have appealed by writ of certiorari to the Circuit Court.

Plaintiff contends in her brief that "[w]hat remains at issue in this case, to be resolved by the trier of fact, is whether the School Board complied with the procedural requirements of §§ 22.1-309, 22.1-312, and 22.1-313, as they relate to dismissal of a teacher for cause." (Pltf.'s Mem. at 6-7.) Note that plaintiff left out any reference to her right to appeal pursuant to Va. Code Ann. § 22.1-314 (2000 Repl. Vol.) wherein the provisions for appeal are established. She is hopeful that this Court will allow her belatedly to approach a remedy through common law breach of contract set out in Count I of her amended motion for judgment. The Court will not.

In *Spotsylvania School Board v. McConnell*, 215 Va. 603 (1975), the court states at page 606 that there is no statute or case governing the scope of review of a school board's decision to dismiss a teacher. The Legislature, in 1979 Virginia Acts of Assembly, Chapter 298, filled the void by adopting the provisions in the second paragraph of Va. Code Ann. § 22.1-314 providing for an appeal to the circuit court and setting out procedures. See *Bristol School Board v. Quarles*, 235 Va. 108 (1988).

It is of substantial significance that plaintiff has not brought to the Court's attention any statute or case which suggests that a teacher dismissed for cause (or without cause as she alleges) may sue under a common law breach of contract theory notwithstanding the detailed provisions of statutory law regarding grievance, including discharge from employment, and statutory appeals therefrom, especially where the statutory remedy is elected by the employee.

Count I in the amended motion for judgment will be dismissed.